RAMÓN ALONSO, Plaintiff and Appellant, *v.* HEIRS OF GABRIEL HERNÁNDEZ, consisting of GABRIEL HERNÁNDEZ MORALES, CATALINA MORALES, INÉS, ÚRSULA and JOSÉ LUIS HERNÁNDEZ MORALES, Defendants and Appellants.—NATIONAL CITY BANK OF NEW YORK, SAN JUAN BRANCH, Intervenor and Appellee.

No. 3502. Argued May 1, 1925.—Decided November 20, 1925.

INTERVENTION—PRIVATE INSTRUMENT— THIRD PERSONS — EVIDENCE. — Although section 1195 of the Civil Code establishes when a private instrument may affect the interests of third persons, its application does not exclude other elements of evidence that may show its authenticity.

First District Court of San Juan, Charles E. Foote, J. Judgment
for the intervenor. *Affirmed.*

*José Martínez Dávila* and *V. M. Fernández* for the plaintiff-appel-
lant. *Llorens & Arroyo* for the defendant-appellant. *Chas.
Hartzell* and *F. Ramírez de Arellano* for the intervenor-appellee.

MR. JUSTICE FRANCO SOTO delivered the opinion of the court.

This appeal raises the same questions that were decided
today in the case of *Trueba* v. *Zalduondo, ante,* page 713.

There is some difference, however, which obliges us to
give further attention to the matter.

The *Trueba Case, supra,* was decided on the pleadings
and not on the merits of the evidence. It was held therein
that the reasoning of the First Circuit Court of Appeals in
the cases of *Rucabado* v. *Longpré et al.* and *Aboy* v. *Longpré,*
239 Fed 291, had the same force as if it referred to section
1766 of the Civil Code in its relation to the Law of Evi-
dence.

In this case the evidence consisted of four promissory
notes signed by Gabriel Hernández aggregating $17,500 pay-
able to the National City Bank of New York, San Juan
Branch, and also of oral evidence. In the promissory notes
the shares of stock pledged to secure them are mentioned,
and that the corporation issued the certificates of stock is
admitted by the plaintiff.

The oral evidence tends to establish the date on which
the notes were made and to show that they were renewed
later with the same security because the debtor had paid a
part of the debt. Albert Clark, manager of the intervening
bank, testified also "that the shares of stock were given by
Gabriel Hernández to the bank to secure his accounts; that
that fact was stated in the note; that outside of what ap-
pears in the note nothing is stated . . . and that in case of
a pledge or security that is the system followed in bank-
ing, the bank holding possession of the stock and of the

notes securing the loan.'' In his answer Ramón Alonso
does not deny categorically the legality of the original debt
and rather alleges that it was paid at maturity, leaving the
pledged stock free. It was further alleged as a defense that
if such pledge was made by the debtor to the intervening
bank, the fact of its date does not appear in any authentic
document and the transfer was not entered in the books of
the corporation, the Carmen Centrale. This last defense
presents a real basis of more formal importance. If it can
not be supported by section 1766 of the Civil Code, it certainly is supported by section 1195 as amended by Act No.
65 of March 7, 1912 (p. 109), which reads as follows:

''Section 1195.—The date of a private instrument shall be considered, with regard to third persons, only from the date on which
it may have been filed or entered in a public registry, from the
death of any of those who signed it, or from the date on which it
may have been delivered to a public official by virtue of his office.

''The same provision shall apply with respect to the principal
in regard to contracts made by his agent, in the cases to which the
last respective paragraphs of sections 1640 and 1247 of this Code
refer, with the exceptions therein made.''

We have said that the legislators insisted on keeping in
force that rule of evidence, because it was re-enacted in the
same terms after the Law of Evidence was approved.
*Trueba Case, supra.* However, although section 1195 estabishes the standard or requisites that a private document
must contain in order to affect a third person, its application can not be so inflexible as to exclude other elements of
evidence when they really exist and show its authenticity.
Some of the Spanish commentators on section 1227 of the
Spanish Civil Code, of which section 1195 is a reproduction,
admit that the ''acknowledgment'' of the document is one
of the means of evidence for establishing its authenticity.
One of the authorities to whom we refer speaks, however,

with certain reservation when the evidence tends to show such acknowledgment by letters, witnesses or in any other way, "for neither the witnesses nor the private instruments by which proof of the acknowledgment is procured have such a great value as to constitute indisputable evidence of the date to which they refer. Then the case will be one where the value of the acknowledged private document or of the testimony referring thereto has to be considered, and as a consequence thereof and arriving at a conclusion from all of the evidence, the judge shall decide as to the date of the instrument what each particular case may warrant." Scaevola, vol. 20, p. 314.

In the same sense the Supreme Court had already held, giving the rational and logical interpretation that could be given to section 1195, for in the case of *Mattei* v. *Díaz et al.,* 25 P.R.R. 306, the following was said:

"The conclusion reached in the district court can only be accounted for upon the theory that the trial judge was not aware of the doctrine announced in the case of *Longpré* v. *Wolff,* 23 P.R.R. 13, in which the *Córdova Case* was distinguished and this court said:

" 'We are of the opinion that section 1195 of the Civil Code is strictly applicable when there is no other evidence of an act or contract than a private document; but the said section does not provide that such a document combined with other probatory elements may not be held to prove that the said act or contract is valid as against a third person, according to the judgment of the Supreme Court of Spain of February 18, 1898, Civil Jurisprudence, vol. 83, p. 408.'

"See also *Torres* v. *Pons,* 24 P.R.R. 435."

Aside from this, the evidence as a whole supports the conclusion of the lower court and the judgment appealed from should be affirmed.

Mr. Justice Wolf took no part in the decision of this case.